1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GIDDENS,                        No.  2:19-cv-1263 TLN DB PS

12                  Plaintiff,

13         v.

14   XAVIER BECERRA, in his official         FINDINGS AND RECOMMENDATIONS
     capacity as Attorney General of the State of
15   California; and SOLANO COUNTY,

16                  Defendants.

17

18          Plaintiff Richard Giddens is proceeding in this action pro se.  This matter was referred to

19   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendants Xavier Becerra and Solano County's motions to dismiss

21   pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF Nos. 21 &

22   22.)  For the reasons stated below, the undersigned recommends that defendants' motions to

23   dismiss be granted and the amended complaint dismissed without further leave to amend.

24                                      **BACKGROUND**

25          Plaintiff, proceeding pro se, commenced this action on July 9, 2019, by filing a complaint

26   and paying the required filing fee.  (ECF No. 1.)  On February 5, 2020, the undersigned granted

27   plaintiff leave to file an amended complaint.  (ECF No. 19.)  Plaintiff filed an amended complaint

28   on February 26, 2020.  (ECF No. 20.)

                                              1

Therein, plaintiff alleges that on June 26, 2018, plaintiff attempted to enter "the back entrance door to the Solano County Government building in Fairfield, California," to speak at a meeting of the Board of Supervisors.  (Am. Compl. (ECF No. 20) at 4.[1])  A person inside pulled the door closed "and said 'you can't come in here until the lobby opens' or words to that effect." (Id.)

Immediately thereafter a security guard ran at plaintiff screaming "'you just assaulted a County employee!'"  (Id. at 4-5.)  The guard then "grabbed Plaintiff from behind his neck and violently slammed plaintiff face first on the concrete pavement" causing injury to plaintiff's knee cap.  (Id. at 5.)  The guard also twisted plaintiff's neck, back, legs, and arms.  (Id.)

"[F]ive dark hooded unknown uniformed Police personnel" from the Solano County Sheriff's Department SWAT and Gang Suppression Units "joined in on the horrific assault and battery on plaintiff."  (Id.)  The "assault resulted in 4 broken rib bones, contusions, hematomas, and ecchymosed bruising all over plaintiff's body[.]"  (Id.)  "The very same week after Plaintiff began requesting public records with regards to the arrest" a criminal complaint was filed against plaintiff charging plaintiff with five misdemeanors.  (Id. at 6.)  "[T]he current criminal case . . . is being prosecuted [against plaintiff] for having pepper spray on his person" during the incident. (Id. at 8.)

Pursuant to these allegations the amended complaint alleges claims for violation of the Second Amendment against defendant Xavier Becerra, Attorney General of California, and against Solano County, as well as a claim of conspiracy and a Monell claim against Solano County.  (Id. at 12-15.)  Defendants filed motions to dismiss on March 11, 2020.  (ECF Nos. 21 & 22.)  Plaintiff did not file an opposition to either motion.[2]  Defendants' motions were taken under submission on June 8, 2020.  (ECF No. 25.)

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Defendants' motions to dismiss could be granted for this reason alone.  See Local Rule 230. However, the undersigned also finds that defendants' motions to dismiss are meritorious for the reasons explained herein.

1

**STANDARDS**

2

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

3

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

4

motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

5

claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

6

either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

7

existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

8

594 F.2d 730, 733 (9th Cir. 1979).

9

When a party brings a facial attack to subject matter jurisdiction, that party contends that

10

the allegations of jurisdiction contained in the complaint are insufficient on their face to

11

demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

12

(9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

13

similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

14

23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

15

1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

16

only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

17

Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

18

Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

19

evidence beyond the complaint without converting the motion to dismiss into a motion for

20

summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

21

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

22

presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

23

at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

24

evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

25

jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

26

12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

27

of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

28

////

1  **II.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

2          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

3  sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir.

4  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

5  sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901

6  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

7  relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A

8  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

9  the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.</u>

10  <u>Iqbal</u>, 556 U.S. 662, 678 (2009).

11          In determining whether a complaint states a claim on which relief may be granted, the

12  court accepts as true the allegations in the complaint and construes the allegations in the light

13  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.</u>

14  <u>United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

15  stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519,

16  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

17  form of factual allegations.  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

18  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

19  an unadorned, the defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 556 U.S. at 678.  A

20  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

21  elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 676

22  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

23  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

24  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

25  not been alleged."  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

26  459 U.S. 519, 526 (1983).

27          In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

28  to consider material which is properly submitted as part of the complaint, documents that are not

1   physically attached to the complaint if their authenticity is not contested and the plaintiff's

2   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

3   250 F.3d 668, 688-89 (9th Cir. 2001).

4                                          **ANALYSIS**

5   **I.       Defendant Xavier Becerra's Motion to Dismiss**

6          The amended complaint alleges claims for violation of plaintiff's rights under the Second

7   Amendment against defendant Xavier Becerra in his official capacity as Attorney General of

8   California and seeks injunctive and declaratory relief.  (Am. Compl. (ECF No. 20) at 12-13.)

9   Defendant argues that these claims should be dismissed pursuant to Younger, Pullman, and

10  Colorado River abstention.  (Def.'s MTD (ECF No. 21-1) at 9-11.)

11         The Younger abstention doctrine generally forbids federal courts from interfering with

12  ongoing state criminal proceedings.  See Younger v. Harris, 401 U.S. 37, 53-54 (1971);

13  Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  "Younger abstention is appropriate

14  only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or

15  involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an

16  important state interest, and (4) allow litigants to raise federal challenges."  ReadyLink

17  Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014).  "If these

18  four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal

19  action would have the practical effect of enjoining the state proceedings and whether an exception

20  to Younger applies.'"  Rynearson v. Ferguson, 903 F.3d 920, 924-25 (9th Cir. 2018) (quoting

21  ReadyLink, 754 F.3d at 759)).

22         Pullman abstention is appropriate where "(1) the case touches on a sensitive area of social

23  policy upon which the federal courts ought not enter unless no alternative to its adjudication is

24  open, (2) constitutional adjudication plainly can be avoided if a definite ruling on the state issue

25  would terminate the controversy, and (3) the proper resolution of the possible determinative issue

26  of state law is uncertain."  Porter v. Jones, 319 F.3d 483, 492 (9th Cir. 2003) (quotation and

27  alteration omitted).  Colorado River abstention concerns "cases in which a federal court declines

28  ////

5

1    to decide a case in favor of similar litigation pending before a state court." O'Neill v. U.S., 50

2    F.3d 677, 688 (9th Cir. 1995).

3         Here, plaintiff's claims against defendant Becerra consists of assertions that plaintiff's

4    possession of pepper spray "is protected under Amendment II of the United States Constitution."

5    (Am. Compl. (ECF No. 20) at 12.)  However, attached to the amended complaint is a copy of

6    misdemeanor complaint filed in the Solano County Superior Court on August 2, 2018, charging

7    plaintiff with five misdemeanors stemming from the June 26, 2018, incident including violation

8    of California Penal Code § 22900 for possession of tear gas.  (Am. Compl., Ex. E (ECF No. 20) at

9    59-60.)  Pepper spray constitutes tear gas under California law.  See People v. Autterson, 261

10   Cal.App.2d 627, 629 (1968).  According to the amended complaint, plaintiff "is currently being

11   prosecuted for CA Penal Code §22900 for possessing Pepper spray."  (Am. Compl. (ECF No. 20)

12   at 12; see also Def.'s MTD (ECF No. 21-1) at 6.)

13        Accordingly, the undersigned finds that there is an ongoing state criminal action that

14   implicates an important state interest, and that the state criminal action allows plaintiff to raise

15   federal challenges.  Defendant's motion to dismiss should, therefore, be granted.  See Evans v.

16   Rea, 797 Fed. Appx. 344, 345 (9th Cir. 2020) ("The district court properly found that Younger

17   abstention would prevent it in interfering with the ongoing state criminal trial."); Lazarus v. Baca,

18   389 Fed. Appx. 700, 700-01 (9th Cir. 2010) ("The district court correctly found that Younger

19   abstention required dismissal of Lazarus's habeas petition.  First, the parties agree that the state

20   criminal proceedings are ongoing.  Second, the state criminal proceedings implicate important

21   state interests.  Third, Lazarus had an adequate or full and fair opportunity to raise her federal

22   claims in the state proceedings."); American Intern. Underwriters (Philippines), Inc. v.

23   Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988) ("abstention is proper where federal

24   jurisdiction has been invoked to restrain state criminal proceedings"); Mann v. Jett, 781 F.2d

25   1448, 1449 (9th Cir. 1986) ("We conclude that abstention is appropriate under the circumstances

26   of this case.  Mann can adequately litigate in the ongoing state criminal proceedings his

27   underlying claim of unconstitutional deprivation of counsel, and the potential for federal-state

28   friction resulting from federal intervention is obvious.").

1    **II.      Defendant Solano County's Motion to Dismiss**

2          The amended complaint asserts claims for violation of plaintiff's rights under the second

3    amendment, conspiracy in violation of 42 U.S.C. § 1985, and <u>Monell</u> liability against defendant

4    Solano County.  (Am. Compl. (ECF No. 20) at 12-15.)

5          **A.      Second Amendment Claim**

6          Defendant's motion to dismiss rightfully asserts that plaintiff's Second Amendment claim

7    against the County of Solano is subject to dismissal based on the "well-established abstention

8    principles" noted above.  (Def.'s MTD (ECF No. 22-1) at 11.)  Moreover, the amended complaint

9    does not allege that defendant Solano County was in any way responsible for the codification of

10   California Penal Code § 22900, which was passed by the California Legislature.

11         Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

12   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

13   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v.</u>

14   <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

15   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

16   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

17   enhancements.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555,

18   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

19   defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

20         To the extent plaintiff intended to assert that the County violated plaintiff's rights as a

21   result of plaintiff's prosecution, "[a]bsolute immunity is generally accorded to . . . prosecutors

22   functioning in their official capacities."  <u>Olsen v. Idaho State Bd. of Medicine</u>, 363 F.3d 916, 922

23   (9th Cir. 2004).  In this regard, "[a] state prosecutor is entitled to absolute immunity from liability

24   under § 1983 for violating a person's federal constitutional rights when he or she engages in

25   activities 'intimately associated with the judicial phase of the criminal process.'"  <u>Broam v.</u>

26   <u>Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430

27   (1976)).

28   ////

7

1      Accordingly, the undersigned finds that defendant's motion to dismiss the amended

2  complaint's claim that the defendant violated plaintiff's rights under the Second Amendment

3  should be granted.

4      **B.      42 U.S.C. § 1985**

5      42 U.S.C. § 1985 provides for several distinct causes of action, among them:

6          The second clause of § 1985(2) provides a cause of action if two or
           more persons conspire for the purpose of impeding, hindering,
7          obstructing, or defeating, in any manner, the due course of justice in
           any State or Territory, with intent to deny any citizen the equal
8          protection of the laws, or to injure him or his property for lawfully
           enforcing, or attempting to enforce, the right of any person, or class
9          of persons, to the equal protection of the laws. . . . The second clause
           of § 1985(3) provides a cause of action for a conspiracy for the
10         purpose of preventing or hindering the constituted authorities of any
           State or Territory from giving or securing to all persons within such
11         State or Territory the equal protection of the laws.

12  Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir. 1985).  Here, the amended complaint does not

13  identify a specific clause under § 1985.

14      Nonetheless, an essential element of claims raised pursuant to either § 1985 subsection

15  quoted above is an allegation of a conspiracy to deprive plaintiff of a right that is "motivated by

16  'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

17  conspirators' action.'"  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting

18  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); see also Trerice v. Pedersen, 769 F.2d 1398,

19  1402 (9th Cir. 1985) ("Such animus constitutes an essential element of a cause of action under

20  section 1985(3)"); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) ("section

21  1985(2) requires an allegation of class-based animus for the statement of a claim under that

22  clause").

23      Here, the amended complaint simply alleges in a vague and conclusory fashion that there

24  "has been a concerted effort to scare off Plaintiff's Defense attorneys[.]"  (Am. Compl. (ECF No.

25  20) at 14.)  There are no factual allegations providing any specificity as to the alleged conspiracy

26  or establishing that the conspiracy was motivated by plaintiff's status in a protected class.

27      Accordingly, the undersigned finds that defendant's motion to dismiss this claim should

28  be granted.

8

1

     **C.**     <u>**Monell**</u> **Claim**

2

     The amended complaint's final claim against defendant Solano County is a claim pursuant

3

to "<u>Monell</u>."  (Am. Compl. (ECF No. 20) at 15.)  "In <u>Monell v. Department of Social Services</u>,

4

436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a §

5

1983 violation under a theory of respondeat superior for the actions of its subordinates."  <u>Castro</u>

6

<u>v. County of Los Angeles</u>, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government

7

entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the

8

entity can be shown to be a moving force behind a violation of constitutional rights."  <u>Dougherty</u>

9

<u>v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (citing <u>Monell</u>, 436 U.S. at 694).

10

     In order to allege a viable <u>Monell</u> claim a plaintiff "must demonstrate that an 'official

11

policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed

12

injury.'"  <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting <u>Harper v. City</u>

13

<u>of Los Angeles</u>, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be

14

established.  <u>See</u> <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1249-50 (9th Cir. 2010),

15

overruled on other grounds by <u>Castro</u>, 833 F.3d at 1070.

16

     "First, a local government may be held liable 'when implementation of its official

17

policies or established customs inflicts the constitutional injury.'"  <u>Id.</u> at 1249 (quoting <u>Monell</u>,

18

436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government

19

is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to

20

implement procedural safeguards to prevent constitutional violations" or fails to adequately train

21

its employees.  <u>Tsao</u>, 698 F.3d at 1143 (citing <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1477 (9th Cir.

22

1992)); <u>see also</u> <u>Clouthier</u>, 591 F.3d at 1249 (failure to train claim requires plaintiff show that

23

"the need for more or different training [was] so obvious, and the inadequacy so likely to result in

24

the violation of constitutional rights, that the policymakers . . . can reasonably be said to have

25

been deliberately indifferent to the need.") (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 390

26

(1989)); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose

27

liability against a county for its failure to act, a plaintiff must show: (1) that a county employee

28

violated the plaintiff's constitutional rights; (2) that the county has customs or policies that

9

amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the amended complaint fails to identify a challenged policy.  Instead, the amended complaint simply alleges that on "information and belief" the County "promulgated an unconstitutional (unwritten) policy, ordinance or regulation which allowed its agents and or officers to interfere with the lawyers that Plaintiff has hired in his various cases."  (Am. Compl. (ECF No. 20) at 15.)

Accordingly, the undersigned finds that defendant's motion to dismiss should also be granted as to this claim.

## II.    Further Leave to Amend

For the reasons stated above, defendants' motions to dismiss should be granted and the amended complaint dismissed.  The undersigned has carefully considered whether plaintiff may further amend the amended complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned previously advised plaintiff of the defects noted above and provided plaintiff with an opportunity to amend the complaint. (ECF No. 19.) Plaintiff, nonetheless, was unable to successfully amend the complaint. Thus, in light of the deficiencies noted above and plaintiff's prior inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Xavier Becerra's March 11, 2020 motion to dismiss (ECF No. 21) be granted;

2. Defendant Solano County's March 11, 2020 motion to dismiss (ECF No. 22) be granted;

3. The amended complaint (ECF No. 20) be dismissed without further leave to amend; and

4. This action be closed.

////

11

1        These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

3   being served with these findings and recommendations, any party may file written objections with

4   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

5   Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

6   and filed within fourteen days after service of the objections.  The parties are advised that failure

7   to file objections within the specified time may waive the right to appeal the District Court's

8   order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   Dated:  December 14, 2020

10

11                                                    _____

12                                                    DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23   DLB:6
     DB/orders/orders.pro se/giddens1263.mtd.f&rs

24

25

26

27

28

12